Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Northern District of Florida

_Pensacola_____ Division

|  |  |  |
|---|---|---|
| Elton Russ | ) | Case No. _5:19cv244-TKW/mJF_ |
| _____ | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | Jury Trial: *(check one)* ☑Yes ☐No |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| | ) | |
| Jackson County School Board | ) | |
| Tony Pumphrey, Stacey Goodson, Chris Johnson, Charlotte Gardner, Larry Moore | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Elton Russ |
| Street Address | 106 Boyce Road |
| City and County | Dothan, Houston |
| State and Zip Code | Alabama, 36305 |
| Telephone Number | 334-5470991 |
| E-mail Address | eltonruss@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

FILED USDC FLND PN
JUL 24 '19 PM 1:16

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name                          Jackson County School District Board

Job or Title *(if known)*

Street Address                2903 Jefferson Street

City and County               Marianna, Jackson

State and Zip Code            Florida, 32446 ER 32446

Telephone Number              (850) 482-1200

E-mail Address *(if known)*

Defendant No. 2

Name                          Tony Pumphrey

Job or Title *(if known)*     Jackson County School District Board Member

Street Address                2903 Jefferson Street

City and County               Marianna, Jackson

State and Zip Code            Florida, 32446

Telephone Number              850-482-1200

E-mail Address *(if known)*

Defendant No. 3

Name                          Stacey Goodson

Job or Title *(if known)*     Jackson County School District Board Member

Street Address                2903 Jefferson Street

City and County               Marianna, Jackson

State and Zip Code            Florida, 32446

Telephone Number              850-482-1200

E-mail Address *(if known)*

Defendant No. 4

Name                          Chris Johnson

Job or Title *(if known)*     Jackson County School District Board Member

Street Address                2903 Jefferson Street

City and County               Marianna, Jackson

State and Zip Code            Florida, 32446

Telephone Number              850-482-1200

E-mail Address *(if known)*

Defendant 5
Name                    Charlotte Gardner
Job or Title            Jackson County School District Board Member
Street Address          2903 Jefferson Street
City and County         Marianna, Jackson
State and Zip Code      Florida, 32446
Telephone Number        850-482-1200


Defendant 6
Name                    Larry Moore
Job or Title            Jackson County School District Superintendant
Street Address          2903 Jefferson Street
City and County         Marianna, Jackson
State and Zip Code      Florida, 32446
Telephone Number        850 482-1200

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Jackson County School ~~District~~ District |
| Street Address | 2903 Jefferson Street |
| City and County | Marianna, Jackson |
| State and Zip Code | Florida, 32446 |
| Telephone Number | (850) 482-1200 |

### II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Other federal law *(specify the federal law)*:

☐   Relevant state law *(specify, if known)*:

☐   Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [✓] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [ ] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

8/6/2018

C.    I believe that defendant(s) *(check one)*:

- [ ] is/are still committing these acts against me.
- [✓] is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [✓] race          His hiring practice was discrimator
- [ ] color          _____
- [ ] gender/sex          _____
- [ ] religion          _____
- [ ] national origin          _____
- [ ] age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

SEE EXHIBIT A.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

December 31, 2018

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*    04/24/2019    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**EXHIBIT A**

## I.

## NATURE OF THE ACTION

1. Plaintiff, Elton R. Russ, proceeding Pro Se, brings this action pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e et seq., and 42 U.S. C. §1981a, and 1983 to remedy acts of employment discrimination and retaliation perpretrated against him by the Jackson County Board of Education, its Board Members and Superintendent. Plaintiff is seeking redress from unlawful employment practices by defendants Jackson County Board of Education and members resulting in deprivation of rights secured and guaranteed to plaintiff by the laws and Constitution of the United States of America, specifically Title VII of the Civil Rights Act of 1964,Title 42 U.S.C.§2000e et seq., as amended by the Civil Rights Act of 1991 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S. C. § 1983. Plaintiff seeks a declaratory judgement, pursuant to the provisions of the Title 28 U.S.C. § 2201, declaring the rights and relations of the parties as follows: That action of the defendants against the plaintiff regarding the terms and conditions of his job offer rescission and the defendant, Jackson County Board of Education's employment practices, contravene rights secured unto his pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S. C. § 1983, Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.§2000e et seq., amended by the Civil Rights Act of

1

1991, as amended Plaintiff seeks equitable and injunctive relief for the unlawful practices committed by the defendants against him to include a reasonable award of attorney fees and costs, pursuant to the Title 42 U.S.C.§1988. Plaintiff seeks declaratory and injunctive relief, compensatory damages, back pay, and front pay from the defendants arising from defendants 's violation of his rights guaranteed to the plaintiff by the Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.§2000e et seq., amended by the Civil Rights Act of 1991, as amended.

## II.

## JURISDICTION AND VENUE

2.  Jurisdiction of this court is invoked pursuant to and in accordance with, the provisions of Title 28 U.S.C. Sections 1331 and 1343 (3), this being an action to redress deprivation of rights secured unto the plaintiff pursuant to the laws and Constitution of the United States of America, namely the Fourteenth Amendment, as enforced by The Civil Rights Act of 1866, Title 42 U.S.C.§1983.

3.  Venue is appropriate pursuant to Title 28 U.S.C. Section 1391 (b).

## III.

## ADMINISTRATIVE PROCEDURES

4.  Within 180 days of learning of certain acts of discrimination of which plaintiff complains herein, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations by defendants s of plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e et seq. The plaintiff was issued a notice of right to sue entitling him to institute a civil

2

action in federal court, pursuant to which he has brought this action. This action is filed within ninety (90) days of its receipt of a Notice of Right to Sue issued by the EEOC and within two(2) years of alleged violation of discriminatory act.

## IV.

## THE PARTIES

5. Plaintiff, Elton R. Russ is over the age of nineteen(19) years, a citizen of the United States and of the State of Alabama, residing in Houston County, Alabama. At all times material hereto, the plaintiff is not employed with the Jackson County Board of Education, hereinafter referred to as JCBOE.

6. Defendant JCBOE is subject to suit under the laws and Constitution of the United States as enforced by 42 U.S.C.§1983. JCBOE is a body politic and at all times material hereto operates the Jackson County Public Schools (JCS). All actions complained of by the plaintiff were committed by the defendants while acting under color of state law and pursuant to a custom and policy and said actions deprived the plaintiff of a right and/or privilege secured and guaranteed to him by the Constitution or laws of the United States. More specifically, the plaintiff alleges that JCBOE does not utilize a state approved evaluation system and JCBOE has a history of failing to evaluate employees; and with action against the plaintiff is committed and a part of JCBOE's practice of failing and refusing to evaluate its employees prior to termination.

3

## V.

## ALLEGATIONS OF FACT

7. Plaintiff was hired by the Jackson County Board of Education (JCBOE), beginning, August 7, 2018, JCBOE engaged in unlawful discriminatory employment practices against him on the basis of race based upon the allegations as stated in his original charge.

8. JCBOE stated in its EEOC position statement in response to EEOC charge alleging race was not a factor in rescinded job but was based on negative comments from a supposedly anonymous tip to Stacey Goodson and furthermore sought negative information from a friend and community member (Ben Armstrong).

9. Mr. Russ, again, maintains that the interview panel scores have been changed and altered.The original scores were not written in pencil. Principal Eddie Ellis can attest that Mr. Russ had the highest scores. The changing of these documents to suggest Mr. Larry Moore wanted to hire a minority candidate is pretext.

10. Mr. Larry Moore states that he did extend a job offer to Mr. Russ but didn't submit the paperwork to the board. This is totally contrasting to the conversation held on August 2nd,2018. Mr. Moore called Mr. Russ and stated that he was recommending him for the Assistant Principal Position at Marianna Middle

4

School. Mr. Russ questioned Mr. Moore about the next upcoming board meeting. Mr. Moore stated the board didn't have to meet. He would draw up the recommendation and board members would sign it today at 2:00p.m. on August 2nd, 2018.therafter, Mr. Russ contacted Principal Eddie Ellis who was also aware that Mr. Russ' paperwork was signed by the board.  Mr. Russ met with Mr. Eddie Ellis at Marianna Middle School at 3:00p.m. on August 2nd, 2018. Mr. Russ met with administrative staff to discuss role, duties, and expectations as outlined in printed school handbook, keys and access to the building were granted, as well as a copy of printed handbook which furthermore outlined Mr. Russ' duties/roles. Mr. Russ also was given the opportunity to move his belongings into his office. On August 2nd,2018, Mr. Russ was contacted via-email by Hannah Pickels, Coordinator of benefits for the Jackson County School Board of Education. She scheduled fingerprints for Mr. Russ on August 3rd, 2018.Preemployment paperwork was scheduled for August 6th, 2018 at 8:30 a.m. Mr. Russ initially reported to Marianna Middle School where he was introduced to staff as the new Assistant Principal. Thereafter, Mr. Russ reported to central office and completed all pre employment paperwork. Mr. Russ also completed a required drug screening at 11:00 a.m. thereafter, Mr. Russ returned to central office to return the drug screening paperwork. Mrs. Pickels stated that the drug screening results had to be received before he could officially start work.  At the time of his pre employment screening, Mrs. Pickels mentioned to Mr. Russ that this is your board recommendation paperwork as she continually viewed it to complete my

5

file. On August 6th, 2018, at 12:00 noon, Mr. Larry Moore called Mr. Russ and stated that he was rescinding his job offer as an Assistant Principal at Marianna Middle School. Mr. Russ questioned the reasoning for this action, but Mr. Moore declined to answer. Mr. Russ followed up by saying that he had quit his job at Eufaula High School and was now unemployed. Lastly, Mr. Russ returned to Marianna Middle School to cleanout his office and return the school's keys.

11. Larry Moore states that he was contacted by Mr. Stacey Goodson about a call from a parent in the Jackson County School District. This is a fabricated statement to corroborate with Mr. Moore's declarations. Mr. Moore is attempting to give the allusion that Mr. Russ never completed his preemployment paperwork. He is also asserting that Mrs. Hannah Pickels didn't have board paperwork in her possession. If this was the current circumstance, Mr. Russ would have not been able to complete all required employment paperwork. Mr. Stacey Goodson's findings of fictitious information by an unknown parent lends a broad scope of gossip. Furthermore, Mr. Goodson's audacity to assert that acts of impropriety were publicly known to people in the Dothan community. There are no published allegations or facts that suggest that Mr. Russ is subject to any acts of Moral Turpitude. This is pretext.

12. Superintendent Moore contacting Mr. Ben Armstrong to validate a pipeline of gossip and hearsay continually manifest how Mr. Moore had the intention of hiring a white male. Mr. Moore was willing to utilize comments made by an individual with no current relationship to Dothan City Schools and make a

discriminatory decision based upon hearsay. Mr. Armstrong's research findings into the matter provides no factual evidence, such as personnel files, public record, school board actions/agendas, and/or any other written depositions that are of public access. Since, Mr. Armstrong authored so-called reliable statements, where did he retrieve this public information?  Once again, how is hearsay deemed public record? Mr. Moore's statements are pretext.

## VI.

## FIRST FEDERAL CAUSE OF ACTION

### Employment Discrimination; Denial of Equal Protection, Fourteenth Amendment;

13. Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through twelve (12) of this complaint, as if the same were fully set forth herein and further say:

14. That the Plaintiff has been discriminated against solely because of his race with respect to employment within JCBOE. (2). Plaintiff avers that his rights, pursuant to Equal Protection under the Fourteenth Amendment to the United States Constitution as enforced by Title 42 U.S. C. § 1983, have been violated by Defendant JCBOE. This treatment by the defendants has affected the terms and conditions of the plaintiff's employment. At all times material hereto, the defendants' discriminatory conduct as complained of herein was committed while acting under color of state law and pursuant to custom and policy, depriving the

7

plaintiff of rights and/or privileges secured to him by the Constitution or laws of the United States, as enforced by Title 42 U.S. C. § 1983.

15. The effect of the defendants have discriminated against the plaintiff in ways that result in a deprivation of present and future employment opportunities to include retirement. all in violation of the Fourteenth Amendment's Equal Protection Clause of the United States Constitution, as enforced by Title 42 U.S. C. § 1983.

16. Plaintiff avers that he is a victim of the defendant's unlawful employment practices for which he has suffered damages.

17. Plaintiff avers that he has suffered loss of income,embarrassment, humiliation, mental distress and emotional anguish as a direct and proximate cause of the defendant's discriminatory and unlawful conduct.

**WHEREFORE, PREMISES, CONSIDERED,** plaintiff demands that the court take jurisdiction and upon a trial on the merits, he be awarded compensatory damages, back pay, re-employment, employment benefits, attorney fees, costs and any other relief to which the plaintiff may show himself to be justly entitled as determined by this court.

8

## VII. SECOND FEDERAL CAUSE OF ACTION

*Employment Discrimination: Titile VII, Civil Rights Act of 1964,*

*as amended, 42 U.S.C. §2000e, et seq..*

Plaintiff adopts by reference and incorporates in this case of action, the allegations of paragraph one(1) through fourteen (14) of this complaint, as if the same were fully set forth herein and further say:

18. That he has been discriminated against by the defendant and treated differently than other employees because of his race and gender in violation of Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991. This treatment by the defendant has affected the terms and conditions of the plaintiff's employment, present and/or future, resulting in him being denied opporutinies relative to his mployment as alleged in his EEOC Charge of Discrimination.

19. Plaintiff avers that he has suffered embarrassment, humiliation, mental distress and emotional anguish as a consequence of the defendant's discrimatory and unlawful conduct.

20. Plaintiff avers that defendant's discriminatory conduct against him was reckless and willful, in violation of  Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff demands damages, compensatory and punitive, back pay, other back employment benefits, attorney fees, costs and any other relief to which the plaintiff may show himself to be justly entitled as determined by this court.

9

## VIII.

## FEDERAL CAUSE OF ACTION

### *Employment Discrimination: Retaliation (Title VII)*

21. The plaintiff avers that the Defendant, JCBOE, has discriminated against him by rescinding it's job offer and halting employment opportunities for which he is qualified for. The defendant's conduct as set forth herein violates Title VII of the Civil Rights of 1964, as amended.

22. In taking the above-described actions, Defendant discriminated against the plaintiff by engaging in discriminatory behavior. The actions of Defendant were taken with malice and reckless indifference to the federally protected rights of Plaintiff, and in violation of Title VII.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

1.for a declaration that defendant's actions, policies, and practices as alleged herein are unlawful.

2. for lost wages and all other compensation denied or lost to plaintiffs by reason of Defendant's unlawful actions,

in an amount to be proven at trial.

3. For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     7/24/2019    05/17/2019

Signature of Plaintiff    _Elton R. Russ_

Printed Name of Plaintiff    Elton Russ

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>**510-2019-01321** |
|---|---|---|

| **Florida Commission On Human Relations** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>Mr. Elton Russ | Home Phone *(Incl. Area Code)*<br>(334) 547-0991 | Date of Birth |
|---|---|---|

| Street Address<br>106 Boyce Road, Dothan, AL 36305 | City, State and ZIP Code |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>JACKSON COUNTY SCHOOL DISTRICT | No. Employees, Members<br>15 - 100 | Phone No. *(Include Area Code)*<br>(850) 482-1200 |
|---|---|---|

| Street Address<br>2903 Jefferson Street, Marianna, FL 32446 | City, State and ZIP Code |
|---|---|

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|

EEOC Mobile Local Office
DEC 3 1 2018
RECEIVED

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE |
|---|
| Earliest: 08-06-2018   Latest: 08-06-2018 |
| ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am Black and I have a disabled child. In July 2018, I applied for an Assistant Principal position and was interviewed. On August 4, 2018, Larry Moore (White, Superintendent) offered me the position. On August 6, 2018, the job offer was rescinded. My job offer was rescinded because of my race and because I have a child with a disability; and because of my disability.

I have been discriminated against in violation of Title I of The American with Disabilities Act Amendments Act of 2008, and Title VII of The Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct.<br><br>12/27/18   *Charging Party Signature*<br>Date | NOTARY – When necessary for State and Local Agency Requirements<br>*Cathy S. White*<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>NOTARY<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE 12/27/2018<br>*(month, day, year)* |
|---|---|

CP Enclosure with EEOC Form 5 (11 09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.    **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.    **AUTHORITY.** 42 U.S.C. 2000e-5(b) 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.    **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.    **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.    **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise. we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Elton Russ**
**106 Boyce Road**
**Dothan, AL 36305**

From:  **Mobile Local Office**
**63 S Royal Street**
**Suite 504**
**Mobile, AL 36602**

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2019-01321** | **CYNTHIA WILSON,** Investigator | **(251) 690-2251** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Erika LaCour*                                      4-24-19

Enclosures(s)

**Erika LaCour,**
**Local Office Director**

*(Date Mailed)*

cc:

**JACKSON COUNTY SCHOOL DISTRICT**

**c/o Robert Harris, Esq.**
**MESSER CAPARELLO ATTORNEYS AT LAW**
**P.O. Box 15579**
**Tallahassee, FL 32317**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*