UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELTON R. RUSS,

    Plaintiff,

v.                                    Case No.  5:19-cv-244-TKW/MJF

JACKSON COUNTY SCHOOL BOARD,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

In this employment discrimination and retaliation case, Defendant Jackson County School Board ("the Board") argues that the court should dismiss this action because Plaintiff Elton R. Russ ("Russ") is not the real party in interest. (Doc. 17). Russ responded in opposition. (Doc. 23). Because the Board is correct, the undersigned respectfully recommends that the District Court grant the Board's motion to dismiss pursuant to Federal Rule of Civil Procedure 17(a)(3).

**I. BACKGROUND**

**A.**    **The Board's Decision Not to Employ Russ**

The factual background is derived from Russ's first amended complaint. (Doc. 9). Russ alleges that around August 2018, a "panel" interviewed him for an assistant-principal position at the Marianna Middle School located in Marianna, Florida. On August 2, 2018, Larry Moore ("Moore"), the Jackson County School

District Superintendent, told Russ that he would recommend that Russ be hired. (*Id.* at 10-11). Later that same day, Russ met with the principal of the Mariana Middle School to discuss Russ's duties. Someone provided Russ with keys to the Marianna Middle School and afforded Russ an opportunity to move his belongings into his new office. (*Id.* at 11). Additionally, between August 3, 2018, and August 6, 2018, Russ completed pre-employment paperwork and the required drug screening. (*Id.*).

Although Russ does not specifically allege that the Board extended a formal offer of employment, he alleges that on August 6, 2018, Moore rescinded the job offer. (Doc. 9 at 12). Moore informed Russ that a parent alleged that Russ had committed "acts of moral turpitude" while employed at a school in Dothan, Alabama. (*Id.* at 12-13). Russ alleges, however, that the Board rescinded its offer of employment because of his race and his sex. He alleges claims of race discrimination, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, and a claim of race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

**B.** **Russ's Chapter 7 Bankruptcy Case**

On October 30, 2018, in the U.S. Bankruptcy Court for the Middle District of Alabama—while Russ already had a bankruptcy petition under Chapter 13

pending—Russ filed a petition for relief under Chapter 7 of the Bankruptcy Code. *In re Estate of Russ*, No. 18-11931 (M.D. Ala. Oct. 30, 2018); (Docs. 17-2, 17-4).[1]

As a debtor, Russ had an obligation to disclose to the Bankruptcy Court his assets. *See* 11 U.S.C. § 541(a)(1). Indeed, Schedule A/B of Russ's Chapter 7 bankruptcy petition specifically asked Russ if he had any "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment; *Examples*: Accidents, employment disputes, insurance claims, or rights to sue." (Doc. 17-2 at 13 ¶ 33). Russ selected "no," thereby indicating that he did not have any claims against third parties.

On December 27, 2018—while Russ's Chapter 7 bankruptcy case was still pending—Russ filed a charge of discrimination with the Florida Commission of Human Relations and the U.S. Equal Employment Opportunity Commission. (Doc. 9 at 17). In that charge of discrimination, Russ alleged that the Jackson County school district discriminated against him—on the basis of his race, his disability, and his child's disability—when it rescinded its offer of employment. Although Russ clearly was asserting claims of employment discrimination, there is no record of

---

[1] The undersigned takes judicial notice of Russ's bankruptcy petition and schedules and the docket sheet for his bankruptcy case, both of which are public records of the U.S. Bankruptcy Court for the Middle District of Alabama. Because Russ was the debtor, he should have received copies of these documents. Regardless, the documents can be obtained from the clerk of the U.S. Bankruptcy Court for the Middle District of Alabama.

Russ having notified the Bankruptcy Court about these claims. Indeed, Russ does not dispute this.

On December 10, 2018, the trustee of Russ's bankruptcy estate filed a "Report of No Distribution" stating that he had "neither received any property nor paid any money on account of this estate; that [he] made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. . . ." (Doc. 17-4 at 3). The trustee indicated that Russ had debts of approximately $251,172.54, which would be discharged. (*Id.*).

On February 19, 2019, the Bankruptcy Court discharged Russ's debts and issued an "Order of Discharge." (*Id.*). The Bankruptcy Court also entered an order stating that Russ's estate was "fully administered," that the trustee was discharged, and that Russ's Chapter 7 case was closed. (*Id.*).

## II.  DISCUSSION

The Board argues that Russ's employment-discrimination claims are assets of his bankruptcy estate, and, therefore, Russ lacks "standing" to pursue these claims insofar as the trustee of Russ's bankruptcy estate is the only person who can assert such claims. In essence, the Board argues that Russ is not the real party in interest.

A.  **Real Party in Interest Under Rule 17(a)**

Under Rule 17 of the Federal Rules of Civil Procedure, a defendant may assert as an affirmative defense that the plaintiff is not the real party in interest. *Addax Energy SA v. M/V Yasa H. Mulla*, 987 F.3d 80, 85 (4th Cir. 2021). Rule 17(a) of the Federal Rules of Civil Procedure states that an "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Rule 17(a) requires "that the complaint be brought in the name of the party to whom that claim belongs or the party who, according to the governing substantive law, is entitled to enforce the right." *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008). The primary purpose of the Rule is to protect the defendant against a subsequent action by the party actually entitled to recover, thereby ensuring that a defendant will not be subject to multiple lawsuits. *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010).

B.  **Treatment of Causes of Action and Unliquidated Claims**

"When a debtor files a Chapter 7 petition, his assets, with specified exemptions, are immediately transferred to a bankruptcy estate." *Harris v. Viegelahn*, 575 U.S. 510, ___, 135 S. Ct. 1829, 1835 (2015) (citing 11 U.S.C. § 541(a)(1)). Among other things, the commencement of a Chapter 7 bankruptcy "extinguishes a debtor's legal rights and interests in any pending litigation, and transfers those rights to the trustee, acting on behalf of the bankruptcy estate." *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010). To facilitate a lawful

distribution of a debtor's assets, a Chapter 7 debtor is required to disclose to the bankruptcy court any assets he possesses. *See* 11 U.S.C. § 541(a)(1).

Indeed, section 541, the relevant provision, "is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983). Section 541(a)(1) "is all-encompassing, and Congress meant for it to be construed commensurately." *In re Mortgage Am. Corp.*, 714 F.2d 1266, 1274 (5th Cir. 1983). Under section 541(a)(1), the debtor's bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1178 (11th Cir. 2017) ("When a debtor files a Chapter 7 petition, his asserts, subject to certain exemptions, are immediately transferred to a bankruptcy estate.")

"The Bankruptcy Code defines a bankrupt's estate broadly to encompass all kinds of property, including intangibles," causes of action, and claims. *Integrated Sols., Inc. v. Serv. Support Specialties, Inc.*, 124 F.3d 487, 490 (3d Cir. 1997). Under the Bankruptcy Code, the term "claim" includes the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,

matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ." 11 U.S.C. § 101(5)(A). In so defining the term "claim," Congress intended to "adopt the broadest available definition" of the word. *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991).

The bankruptcy estate's property includes claims and causes of action. *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). This includes claims under Title VII of the Civil Rights Act of 1964 and claims brought pursuant to 42 U.S.C. § 1983. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). Property of the bankruptcy estate includes all "causes of action belonging to the debtor at the commencement of the bankruptcy case." *Parker*, 365 F.3d at 1272 (citing *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003)); *Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1184 n.3 (10th Cir. 2011); *Miller v. Shallowford Cmty. Hosp. Inc.*, 767 F.2d 1556, 1559 (11th Cir. 1985).

"A cause of action need not be formally filed prior to the commencement of a bankruptcy case to become property of the estate." *Feist v. Consol. Freightways Corp.*, 100 F. Supp. 2d 273, 274 (E.D. Pa. 1999), *aff'd*, 216 F.3d 1075 (3d Cir. 2000). A cause of action becomes part of a bankruptcy estate at least if it accrued before the debtor filed his bankruptcy petition, even if the debtor had not yet commenced a civil action to vindicate his claims. *Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867, 869 (4th Cir. 1991) (holding that a "possible claim" not pending at time of filing of

bankruptcy petition became property of the estate upon filing of petition); *Miller*, 767 F.2d at 1561 (holding that a cause of action for personal injury protection insurance existed at time of filing of bankruptcy petition, even though the debtor had not filed a lawsuit).

Here, Russ asserts claims under Title VII and the Equal Protection Clause of the Fourteenth Amendment. Title VII and Equal-Protection claims accrue "whenever an individual is directly and adversely affected by the discriminatory practices of the defendant." *United States v. Ga. Power*, 474 F.2d 906, 925 (5th Cir. 1973) (discussing Title VII claims). When alleged discriminatory actions resulted in a termination, the cause of action accrues at that point because the plaintiff is directly and adversely affected at that point. *See Fahs Const. Grp. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013); *Auday v. Wet Seal Retail, Inc.*, 698 F.3d 902, 904 (6th Cir. 2012); *Kleven v. Walgreen Co.*, 373 F. App'x 608, 610 (7th Cir. 2010); *Baxley v. Pediatric Servs. of Am., Inc.*, 147 F. App'x 59, 60 (11th Cir. 2005). Likewise, a failure to hire claim accrues at least when the plaintiff is notified of the adverse employment decision. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002).

In this case, Russ alleges that the Board rescinded its offer of employment on August 6, 2018. Thus, Russ's discrimination claims accrued on that date. Regardless, his claims certainly had accrued by December 27, 2018, the date that Russ filed a charge of discrimination with the Florida Commission of Human Relations and the

U.S. Equal Employment Opportunity Commission. As noted above, in that charge of discrimination, Russ alleged that the Jackson County school district discriminated against him—on the basis of his race, his disability, and his child's disability—when it rescinded its offer of employment. Thus, Russ's claims accrued during the pendency of his Chapter 7 case and before the Bankruptcy Court discharged his debts on February 19, 2019. Russ's claims and causes of action for discrimination and retaliation, therefore, were part of his bankruptcy estate.

**C.     The Bankruptcy Trustee is the Real Party in Interest**

"Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." *Parker*, 365 F.3d at 1272 (citing 11 U.S.C. § 554(a)-(c)).[2] After the bankruptcy case has been closed, "property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate." *Id.* (citing 11 U.S.C. § 554(d)); *Martineau v. Weir*, 934 F.3d 385, 391 (4th Cir. 2019). "Because a Chapter 7 debtor forfeits his prepetition assets to the estate, only the Chapter 7 trustee, not the debtor, has standing to pursue a civil legal claim unless the trustee abandons the asset, which then returns the claim to the possession and control of the debtor."

---

[2] There is nothing in the record to indicate that the trustee abandoned the claims that Russ seeks to assert in this civil action.

*Slater*, 871 F.3d at 1180 (citations omitted).

A bankruptcy "trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party" who can prosecute causes of action belonging to the estate. *Parker*, 365 F.3d at 1272; *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) ("Because the claims are property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them."); *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) ("A trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed.").

A debtor's failure to list a claim or cause of action "on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Parker*, 365 F.3d at 1272; *Baxley*, 147 F. App'x at 60; *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525-26 (8th Cir. 1991). Thus, although Russ's Chapter 7 estate has been fully administered, the discrimination claims remain part of the bankruptcy estate. *Parker*, 365 F.3d at 1272; *Baxley*, 147 F. App'x at 60; *Vreugdenhill*, 950 F.2d at 525-26; *see Wieburg*, 272 F.3d at 306-07; *Bauer v. Com. Union Bank*, 859 F.2d 438, 441-42 (6th Cir. 1988). Accordingly, the bankruptcy "trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate." *Parker*, 365 F.3d at 1272; *Baxley*, 147 F.

App'x at 60. Russ, on the other hand, is not the real party in interest, and he cannot pursue this civil action.

**D.     The Trustee Declined The Opportunity to Ratify, Join, or Substitute**

Rule 17(a)(3) states that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Rule 17(a)(3); *Weissman v. Weener*, 12 F.3d 84, 87 (7th Cir. 1993). The purpose of this provision is to ensure that a civil action is not dismissed simply for want of the proper party. *See Klein v. Qlik Techs., Inc.*, 906 F.3d 215, 226 (2d Cir. 2018).

On March 30, 2021, the undersigned provided the trustee notice and a reasonable opportunity to "ratify, join, or be substituted into the action." (Doc. 28). The undersigned afforded the trustee until April 29, 2021, to pursue ratification, joinder, or substitution. (*Id.*). As of the date of this report and recommendation, the trustee has not pursued these options and presumably does not intend to do so. Because the trustee has been afforded ample opportunity to pursue the bankruptcy estate's interest in this action, and because Russ is not the real party in interest, the District Court should dismiss this civil action pursuant to Rule 17.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS**:

1. Defendant's motion to dismiss (Doc. 17) be **GRANTED**.

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this 5th day of May, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**